# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Willowood USA Holdings, LLC,<br>EIN:<br><br>　　　　Debtor. [1] | Case No. 19-11079-KHT<br><br>Chapter 11 |
| In re:<br><br>Willowood USA, LLC,<br>EIN: 27-1307337,<br><br>　　　　Debtor. | Case No. 19-11320-KHT<br><br>Chapter 11 |
| In re:<br><br>Willowood, LLC,<br><br>　　　　Debtor. | Case No. 19-11322-KHT<br><br>Chapter 11 |
| In re:<br><br>RightLine LLC<br>EIN: 82-5111429<br><br>　　　　Debtor. | Case No. 19-11324-KHT<br><br>Chapter 11 |
| In re:<br><br>Greenfields Holdings, LLC<br>EIN: 82-3875326<br><br>　　　　Debtor. | Case No. 19-11327-KHT<br><br>Chapter 11 |

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their employer identification numbers, where applicable, are: Willowood USA, LLC (7337), Willowood USA Holdings, LLC (7337), Willowood, LLC, RightLine LLC (1429), Greenfields Holdings, LLC (5326), Greenfields Marketing Ltd. The Debtors' corporate headquarters is located at 1350 17th Street, Suite 206 Denver, Colorado 80202.

17835329

| | |
|---|---|
| In re:<br><br>Greenfields Marketing Ltd.,<br><br>           Debtor. | Case No. 19-11331-KHT<br><br>Chapter 11 |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtor (the "**Debtor**"), hereby submits its motion (the "**Motion**") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Colorado (the "**Local Rules**"), authorizing the joint administration of the Debtor's chapter 11 case with the above-captioned chapter 11 cases. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), each of the above-captioned debtors (collectively, the "**Debtors**") other than Willowood USA Holdings, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Willowood USA Holdings, LLC

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 15, 2019.

3. No creditors' committee has been appointed in this case. No request for appointment of a trustee or examiner has been made.

4. A detailed description of the Debtors' business operations, capital structure, events leading up the Petition Date, and other matters are set forth in the Affidavit of Thomas M. Kim in Support of Motion Seeking Expedited Entry of First Day Orders (the "**Kim Affidavit**"), filed contemporaneously herewith. Additional facts in support of the specific relief sought are set forth herein.

5. The Debtors develop, formulate, register, and sell generic crop protection products primarily used in the United States agriculture industry. The Debtors function as a sales intermediary and virtual manufacturer between manufacturers of chemicals in China and India and their customers. The Debtors offer more than sixty products throughout the United States for use on many different crops.

6. Debtor Willowood USA Holdings, LLC is the sole owner of Debtor Willowood USA, LLC ("**Willowood USA**"). Willowood USA, in turn, is the sole owner of thirty-one subsidiaries (the "**Molecule Subsidiaries**"), including Debtors Willowood, LLC and RightLine LLC. Willowood USA also holds all of the ownership interest in Debtor Greenfields Holdings, LLC, which, in turn, is the sole owner of Debtor Greenfields Marketing Ltd. Each of the Molecule Subsidiaries and Greenfields Holdings, LLC are member-managed by the Willowood USA. The Debtors' organizational chart is attached hereto as **Exhibit A**.

7. The Debtors operate their business through Willowood USA. Willowood USA is the only entity that has operations, revenues, or a bank account, or has any employees. Further,

Willowood USA maintained consolidated books and records, including consolidated financial reports, on behalf of the Molecule Subsidiaries, Greenfields Marketing Ltd., and itself.

8. The Debtors sell all of their products through Willowood USA. The Debtors sell their turf and ornamental products (*i.e.*, golf course products) under the RightLine name, but the use of the RightLine name is purely for marketing purposes. RightLine does not have any employees or revenues. Rather, a Willowood USA employee sells turf and ornamental products under the RightLine name.

9. Generally, the Molecule Subsidiaries and Greenfields Marketing Ltd. hold one or more registrations ("**EPA Registration**") from the Environmental Protection Agency ("**EPA**"), which permit the Debtors to sell one or more of their end-use products. In order to sell an end-use product, prospective sellers must obtain an EPA Registration for the active ingredient (referred to as a "technical registration") and the end-use product, a mixture of active and inert ingredients (referred to as an "end-use registration"). Because of the cost and time associated with obtaining EPA approval, these registrations are potentially valuable assets.

10. Generally, each technical registration is held by one Molecule Subsidiary. For example, non-debtor Willowood Propiconazole, LLC holds the technical registration for propiconazole. The most notable exception is that Greenfields Marketing Ltd. holds eleven technical registrations.[2] Separately, Willowood, LLC and RightLine LLC hold the Debtors' end-use registrations.

---

[2] The following Molecule Subsidiaries hold no EPA Registrations: NuAgCo, LLC, Willowood Azoxystrobin, LLC, Willowood Bifenazate, LLC, Willowood Chlorimuron, LLC, Willowood Clomazone, LLC, Willowood Cloransulam, LLC, Willowood Imazethapyr, LLC, Willowood Lactofe, LLC, Willowood Mesotrione, LLC, Willowood Metolachlor, LLC, Willowood Metribuzin, LLC, Willowood Spray Additives, LLC, and Willowood Thiobencard, LLC.

11. As described further in the Kim Affidavit, several recent events created a liquidity shortage that forced the Debtors to file for bankruptcy. Initially, the Debtors received two negative legal decisions in 2018 that permanently enjoined the Debtors from selling their most profitable product lines in the near-term and added millions of dollars more of liabilities than they projected for "data compensation" liabilities. These events, in addition to increased competition, millions of dollars of legal bills, and an abnormal 2018 busy season, dramatically decreased the Debtors' earnings and put tremendous pressure on their ability to borrow sufficient funds under the Debtors' revolving facility to meet their growth targets for 2019. As a result, the Debtors were severely restricted in their ability to draw down additional funds or obtain separate financing to help finance a lower margin, higher volume business model to offset the loss of their key products, meet their projected data compensation costs, and pay overdue amounts to a key supplier, Willowood Limited. Without sufficient cash or access to additional lending above their borrowing base formulas, the Debtors were unable to pay for previously received inventory sourced by Willowood Limited. As a result, Willowood Limited no longer supplied terms, for which the business required even when healthy, which further exacerbated the liquidity crunch. Additionally, Chinese suppliers faced mounting expense and regulatory pressures, with many key ingredients in short supply, which created a situation where suppliers were no longer providing credit. This too hurt the ability of Willowood USA to source enough products to meet their growth plans.

12. Based on these constraints, the Debtors could not fund a typical buying pattern to grow or maintain current earnings without additional capital infusions. The Debtors attempted to obtain funding outside of bankruptcy from various sources, including their existing lenders, and equity holders but were unsuccessful. As a result, the Debtors concluded that a sale of their

assets would be the only means to preserve and maximize the value of their assets for the benefit of their stakeholders.

13. Debtor Willowood USA, LLC retained Piper Jaffray & Co. ("**PJC**") as its investment banker pursuant to the terms provided in the Engagement Letter, dated October 31, 2018. With the assistance of PJC, the Debtors were able to execute an Asset Purchase Agreement with AMVAC Chemical Corporation (the "**Stalking Horse Bidder**") for the sale of a substantial portion of the Debtors' EPA Registrations. However, in light of the Debtors' current status of litigation matters and assets and liabilities, the Stalking Horse Bidder's offer was contingent upon the sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code. The Debtors further believe that bankruptcy protection is necessary to secure requisite financing to complete a sale, ensure employee retention and maximum effort from their employees pending a sale, maintain customer and critical supplier relationships, and provide a platform for a competitive sale process for stakeholders in order to maximize value. Accordingly, the Debtors filed for bankruptcy and intend to sell substantially all of their assets through a section 363 sale.

## RELIEF REQUESTED

14. By this Motion, the Debtor seeks entry of the proposed Order authorizing joint administration of these chapter 11 cases for procedural purposes only. The Debtor requests that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Willowood USA Holdings, LLC and that this case be administered under the following consolidated caption:

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Willowood USA Holdings, LLC, *et al.*,[1]<br>EIN: 27-1307337,<br><br>      Debtors. | Case No. 19-11079-KHT<br><br>Chapter 11 |

[1] The Debtors in these chapter 11 cases, and the last four digits of their employer identification numbers, where applicable, are: Willowood USA, LLC (7337), Willowood USA Holdings, LLC (7337), Willowood, LLC, RightLine LLC (1429), Greenfields Holdings, LLC (5326), Greenfields Marketing Ltd. The Debtors' corporate headquarters is located at 1350 17th Street, Suite 206 Denver, Colorado 80202.

15. The Debtor further requests that an entry be made on the docket of each of the Debtors' cases, other than Willowood USA Holdings, LLC, substantially as follows:

> An Order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Willowood USA Holdings, LLC and its affiliated entities. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of Willowood USA Holdings, LLC, Case No. 19-11079-KHT and such docket should be consulted for all matters affecting this chapter 11 case.

## BASIS FOR RELIEF

16. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. § 101(2). Willowood USA Holdings, LLC owns 100% of the membership interests in Willowood USA. Willowood USA, in turn, owns 100% of the membership interests of Willowood, LLC, RightLine LLC, and Greenfields Holdings, LLC. Greenfields Holdings, LLC, in turn, owns 100% of the ownership interests of Greenfields Marketing Ltd. Accordingly, the Bankruptcy Rules authorize the Court to grant the relief requested herein.

17. Bankruptcy Rule 1015(b) promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. Among other things, joint administration obviates the need for duplicative notices, motions, applications and orders, thereby saving considerable time and expense for the Debtors and their estates. Granting the requested relief will promote the fair and efficient administration of these chapter 11 cases.

18. Section 105 of the Bankruptcy Code also provides this Court with the power to order joint administration of these chapter 11 cases. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

19. The Debtors anticipate that most of the notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases will affect all of the Debtors. The failure to jointly administer this case would result in numerous duplicative pleadings being served upon separate, but significantly overlapping, service lists. Such duplication of substantially identical documents would be wasteful. In addition, the Debtors' financial affairs and business operations are consolidated. Joint administration will therefore ease the administrative burden on the Court and all parties-in-interest, and will reduce fees and costs by avoiding the filing of duplicative documents and notices in each of the Debtors' separate cases.

20. Joint administration permits the usage of a single general docket for all of the Debtors' cases and combined notices to creditors of each Debtor's estate and other parties-in-interest. Doing so also protects creditors' rights by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before the Court in each of the other related cases.

21. Finally, joint administration of these chapter 11 cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. Thus, individual creditors' rights will not be harmed by the relief requested; rather, constituents will benefit from the cost reductions joint administration will achieve. In addition, joint administration enables stakeholders to more readily apprise the various parties-in-interest of the matters before the Court. It also relieves the Court of the burden of entering duplicative orders and maintaining duplicative files and will simplify the supervision and administrative duties of the United States Trustee for the District of Colorado relating to these chapter 11 cases.

22. Accordingly, the Debtor respectfully submits that joint administration, for procedural purposes only, is in the best interest of the Debtors, their creditors, and other parties-in-interest.

## **NOTICE**

23. In compliance with Local Rule 2081-1(b), a copy of the proposed order accompanying this Motion has been or will immediately be served by facsimile, email, overnight mail, or hand delivery, to: (i) the United States Trustee for the District of Colorado (ii) those entities or individuals included on the Debtors' list of 20 largest unsecured creditors on a consolidated basis, (iii) Latham & Watkins LLP, Attn: Lindsey Henrikson, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611 and Markus Williams & Young LLC, Attn: James T. Markus, 1700 Lincoln, Suite 4550, Denver, Colorado 80203, (iv) Moye White LLP, Attn: Timothy M. Swanson, 16 Market Square, 6th Floor, 1400 16th Street, Denver, Colorado 80202, (v) all parties requesting notices pursuant to Bankruptcy Rule 2002, and (vi) the IRS and other relevant government agencies.

**WHEREFORE**, the Debtor requests that the Court enter an order substantially in the form attached hereto authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes, and that the Court grant such other relief as is just and equitable.

Dated: February 27, 2019.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*/s/ Michael J. Pankow*
Michael J. Pankow, #21212
Joshua M. Hantman, #42010
Andrew J. Roth-Moore, DE Bar No. 5988
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
mpankow@bhfs.com
jhantman@bhfs.com
aroth-moore@bhfs.com

*Proposed Attorneys for the Debtors*